# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SERINA MATOS | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  1:17-cv-06302 |
| NATIONAL CREDIT ADJUSTERS, L.L.C. | JURY TRIAL DEMANDED |
| Defendant. | |

## **COMPLAINT**

**NOW COMES** Serina Matos ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, National Credit Adjusters, L.L.C. ("Defendant," or "NCA") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. Defendant NCA is a Kansas corporation with its principal place of business located at 327 West 47th Street, Hutchinson, Kansas 67501 and its registered agent is Lexis Nexis Document Solutions located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

7. In or around 2010, Plaintiff obtained a line of credit ("subject debt") from Kay Jewelers.

8. Plaintiff is a single mother, working two jobs, who was struggling to keep up with her financial obligations.

9. Plaintiff subsequently defaulted on the subject debt in or around late 2013.

10. In or around January 2014, Plaintiff was contacted by NCA demanding payment in the amount of $347.56 towards the subject debt.

11. NCA offered Plaintiff an opportunity to pay off the subject debt in three monthly installments.

12. Upon paying the three installments to NCA and satisfying the subject debt on February 25, 2014, Plaintiff received confirmation from NCA and Kay Jewelers that the subject debt was paid off and that she was no longer liable for the subject debt.

13. In January 2017, three years after Plaintiff satisfied the subject debt with Kay Jewelers by way of the payment plan with NCA, Plaintiff received a call from another debt collector named Innovative Debt Recovery, Inc. ("IDR") demanding payment on the subject.

14. Beaten down by the embarrassment and harassment IDR subjected her to, Plaintiff reluctantly paid the amount of $499.08 IDR claimed she owed even though the subject debt had been previously paid off.

15. On February 28, 2017, after Plaintiff paid the subject debt again to IDR, Plaintiff received a letter from IDR listing the Kay Jewelers account number, 3105863025, and stating "IDR has released you from all claims and liabilities pertaining to the above referenced account." *See* Exhibit A, a true and correct copy of the February 28, 2017 letter from IDR.

16. In order to obtain closure on the issues surrounding the subject debt, Plaintiff received confirmation from NCA by way of a letter dated March 15, 2017 which also listed 3105863025 as the Kay Jewelers account number and further stated "Please retain this letter as a receipt confirming the above account is now Paid-In-Full. We received final payment on February 25, 2014." *See* Exhibit B, a true and correct copy of the March 15, 2017 letter NCA sent to Plaintiff confirming that the subject debt was satisfied prior to NCA's transfer of the subject debt.

17. NCA unlawfully transferred, assigned, or sold the subject debt to another debt collector as defined by FDCPA §1692a(6) in an attempt to maximize profits at Plaintiff's expense.

18. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct, thus incurring costs and expenses.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

21. Upon information and belief, the alleged debt that Defendant was attempting to collect arose primarily for family, personal or household purposes, and thus is an alleged "consumer debt" as defined by FDCPA §1692a(5).

22. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

23. Defendant's telephone communications to Plaintiff were made in connection with a collection of an alleged debt.

24. Defendant used telephones to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

25. Defendant violated 15 U.S.C. §§1692d, e(2), e(10), f, f(1), through its unlawful collection practices.

    a. **Violations of FDCPA §1692d**

26. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by transferring, assigning, or selling the rights to collect upon the subject debt to IDR when Plaintiff no longer owed the subject debt.

    b. **Violations of FDCPA §1692e**

27. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Plaintiff had already paid the subject debt to NCA when the subject debt was sold to IDR to commence a second round of collection activity on the same subject debt.

28. Defendant violated §1692e(10) when it falsely represented that the subject debt was still due and owing when in fact, Plaintiff paid the subject debt off with NCA prior to the subject debt being transferred to IDR.

### c. Violation of FDCPA §1692f

29. Defendant violated §1692f in that Defendant used unfair and unconscionable means to collect the subject debt by collecting full and satisfactory payment on the subject debt before profiting on the subject debt yet again by selling the subject debt to IDR.

30. Defendant violated §1692f(1) when it breached the payment arrangement it engaged in with Plaintiff. Per the payment arrangement Plaintiff entered into with NCA, the subject debt was deemed satisfied as of the date of the final payment Plaintiff made towards the subject debt to NCA. Nevertheless, NCA transferred, sold, or assigned the subject debt to IDR for collection in attempt by NCA to maximize profits at Plaintiff's expense.

31. Upon information and belief, Defendant systematically attempts to collect alleged debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

32. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff SERINA MATOS requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

33. Plaintiff restates and realleges paragraphs 1 through 18 as through fully set forth herein.

34. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely

upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

35. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

36. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

37. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

38. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it did not have permission or consent to do so. Plaintiff specifically notified Defendant on numerous occasions that she does not owe the subject debt, and therefore, NCA did not her consent to place calls to her cellular phone. Defendant ignored the above and continued to contact Plaintiff.

    **a. Unfairness and Deception**

39. It was unfair and deceptive for Defendant to transfer, sell, or assign the subject debt to IDR for collection after Plaintiff satisfied the subject debt while NCA held the rights to collect upon the subject debt.

40. It was unfair for Defendant to breach the agreement it made with Plaintiff by communicating to her that the debt was satisfied before transferring, selling, or assigning the subject debt to IDR for collection.

41. It was unfair for NCA to assist in subjecting Plaintiff to pay a debt she did not owe, incurring actual costs and damages as a result.

42. Defendant's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to NCA's unlawful collection activity.

43. Moreover, Defendant's unfair conduct is against public policy because it needlessly subjects consumers to illegal collection activity, resulting in a significant harm in the form of actual damages and nuisance.

44. Upon information and belief, Defendant systematically transfers, assigns, or sells satisfied debts to other debt collectors in an effort to maximize profits at the expense of Illinois consumers.

45. Upon information and belief, transferring, selling, or assigning satisfied debts once owed by Illinois consumers is an unfair business practice willfully employed by Defendant and is done on a large scale.

46. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully (companies that cease collection activity on defaulted accounts upon satisfaction of the underlying debt).

47. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

48. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the abusive collection activity.

**WHEREFORE**, Plaintiff SERINA MATOS requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 31, 2017 **Respectfully Submitted,**

/s/ Marwan R. Daher
Marwan R. Daher, Esq. ARDC#6325465
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 ext. 109
mdaher@sulaimanlaw.com

/s/ Omar T. Sulaiman
Omar T. Sulaiman, Esq. ARDC#6322837
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 ext. 108
osulaiman@sulaimanlaw.com